COMMONWEALTH *vs.* SYBIL JEFFERS (and two companion cases [1]). No. 88-P-854. June 16, 1989. *Constitutional Law,* Search and seizure. *Search and Seizure,* Exigent circumstances.

This is an authorized interlocutory appeal by the Commonwealth from orders of the Superior Court suppressing evidence seized during a warrantless search of the defendants' apartment. The judge made findings of fact upon which he concluded that, although the police were justified in entering the apartment, they were without justification to search it. On the facts found we conclude that the Commonwealth sustained its burden of showing the existence of exigent circumstances which excused the failure to obtain a warrant. We reverse.

1. We recite the facts as the judge found them. About 6:30 A.M., January 1, 1987, the victim told several Brockton police officers that he had just been robbed at gunpoint by two black men in an apartment to which he had been invited by a woman, subsequently identified as the defendant Jeffers, whom he had met moments earlier. He also told the officers that, while in the apartment, he saw two little children.

About five officers and the victim went to the apartment building. Two of the officers remained outside, and the others went with the victim to the second floor of the building. One of the officers knocked on the door indicated by the victim and announced himself as an officer. When Jeffers opened the door, the victim immediately identified her. The officers entered the apartment and quickly went into the rooms looking for the two male assailants. As they were passing from room to room, they saw a white male in a drunken, unconscious state on a couch and five children ranging in ages from thirteen to two years.

Moments after the police entered the apartment, they received a radio call from the two officers who had remained outside. They were chasing two men who had just run out of the building. The officers in the apartment ran out to join the chase, which lasted less than a minute. The men were caught, and the victim identified them as his assailants. The officers searched the area of the chase and the grounds near the building, but they could not find the gun.

Jeffers was now standing in front of the building. When the officers arrested her, she asked if she could go back to her apartment, get a coat, and say good-bye to her children. Three of the officers accompanied Jeffers to her apartment where the white male and the five children had remained

---

[1] The companion cases are against Willie B. Jones.

during the pursuit. One of the officers was placed in charge of the children while the other two began to look for the gun. Although the police had called the Department of Social Services (department), they allowed the thirteen-year-old boy to leave. The gun, which turned out to be a toy rather than an actual firearm, was found in a partially opened drawer in the room where the victim had been robbed.

When the officers found the gun, they immediately stopped their search of the apartment, and two of them left. The other remained with the four children until a representative from the department arrived a short time later.

On these facts the judge concluded: (1) that the officers were justified in entering the apartment; (2) that they were not reasonable in believing that an emergency situation presenting a threat to them or the occupants of the apartment existed; and (3) that even if an emergency existed, the officers could have secured the apartment and the children while making arrangements to obtain a warrant.

2. Giving the judge's ultimate findings and conclusions substantial deference (see *Commonwealth* v. *Harvey*, 390 Mass. 203, 205 [1983], and cases therein cited), we nonetheless conclude that the Commonwealth sustained its burden of proof. See *Commonwealth* v. *Hall*, 366 Mass. 790, 801-802 (1975); *Commonwealth* v. *Forde*, 367 Mass. 798, 800 (1975); *Commonwealth* v. *Donoghue*, 23 Mass. App. Ct. 103, 108 (1986). We use the "pragmatic check list of factors," *Commonwealth* v. *DiSanto*, 8 Mass. App. Ct. 694, 700 (1979), which serves as a guideline in determining whether an exigency existed. See *Commonwealth* v. *Hamilton*, 24 Mass. App. Ct. 290, 293 (1987). Further, we evaluate the circumstances as they "could appear to the officers at the time, not as it may seem to a scholar after the event with the benefit of leisured retrospective analysis." *Commonwealth* v. *Young*, 382 Mass. 448, 456 (1981).

Those factors enumerated in *DiSanto, supra,* as (1), (2), (3), and (6), exist in the present case. When the officers in the apartment ran outside to join in the chase of the two men, leaving Jeffers, the unconscious man, and the five children behind, it would not be unreasonable for them to have thought that the fleeing men had the gun. When they could not find the gun in the area of the chase and the building, it was also reasonable to think that it was in the apartment with the inebriated man and the five children.

That the officers, who now had custody of the two men and Jeffers, could have "secured" the apartment, the man passed out on the couch, and the five children for the length of time it might take to obtain a warrant from a magistrate at that hour on New Year's Day seems a rather unlikely proposition to us. But, assuming that the officers could have done so, their failure to take those measures does not make their actions unreasonable. See *Commonwealth* v. *Forde*, 367 Mass. at 802-803; *Commonwealth* v. *Young*, 382 Mass. at 459-460; *Commonwealth* v. *Donoghue*, 23 Mass. App. Ct. at 108-109. The officers had called the Department of Social

Services, and all but one of them left the apartment as soon as the gun was found. The remaining officer left when a representative from the department arrived.

We view the fact that the thirteen-year-old boy was allowed to leave the apartment before the gun was found and before the arrival of the department's representative as unwise in respect to the child's welfare rather than as an action which "negates the existence of exigency." *Id.* at 109. On the facts found by the judge, we conclude that the police acted reasonably and under exigent circumstances. See *Commonwealth* v. *Young*, 382 Mass. at 457-458; *Commonwealth* v. *Donoghue*, 23 Mass. App. Ct. at 104-109. Compare *Commonwealth* v. *Huffman*, 385 Mass. 122 (1982); *Commonwealth* v. *Hamilton*, 24 Mass. App. Ct. at 292-294.

*Order allowing motions to*
*suppress reversed.*

*Mary O'Sullivan Smith,* Assistant District Attorney, for the Commonwealth.

*Lee J. Fortier* for Willie B. Jones.
*Joan McDonough* for Sybil Jeffers.